IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Michael Kaminski,   #257960, ) | |
| ) | Civil Action No.: 3:10-478-RBH |
| Plaintiff, ) | |
| ) | |
| v.                                                                        ) | **ORDER** |
| ) | |
| SCDC Director Jon Ozmint; Director              ) | |
| of Medical Headquarters SCDC, Unknown;) | |
| Dr. Byrnes at Allendale Correctional             ) | |
| Institution, a/k/a Dr. Thomas Byrnes; and  ) | |
| Dr. McCree at McCormick Correctional      ) | |
| Institution, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey.[1] In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket # 18] as to the Plaintiff's federal claims, dismiss without prejudice the Plaintiff's state law claims, and deny the Plaintiff's Motion for Summary Judgment [Docket # 29].

**Factual Background & Procedural History**

This case was initiated on March 5, 2010, when the Plaintiff filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants were deliberately indifferent to his serious medical needs. He also alleged claims under South Carolina state law for negligence, gross negligence, medical malpractice, and breach of duty. On August 10, 2010, the Defendants filed their Motion for Summary Judgment. The Plaintiff filed a Response in Opposition and a Motion to Amend Complaint, which the Defendants opposed, on September 8, 2010. The Plaintiff filed his

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge McCrorey for pretrial handling.

Cross Motion for Summary Judgment on October 5, 2010, and the Defendants filed a Response in Opposition two days later. The Magistrate Judge issued an R&R on October 25, 2010, in which he recommends that the Court grant the Defendants' Motion for Summary Judgment as to the Plaintiff's federal claims, dismiss the Plaintiff's state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3), and deny the Plaintiff's Motion for Summary Judgment. On November 22, 2010, after the Plaintiff failed to file timely objections, this Court entered its Order adopting the Magistrate Judge's R&R. However, on December 2, 2010, the Plaintiff filed a Motion for Relief from Judgment alleging that he never received the Magistrate Judge's R&R. Out of an abundance of caution, the Court granted the Plaintiff's Motion for Relief from Judgment and reopened the case so the Plaintiff could file any objections to the R&R. Subsequently, the Plaintiff filed objections, and the Defendants have filed a Reply. This matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection,

the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

### Discussion

A § 1983 claim is not stated by disagreements between an inmate and a physician over treatment, diagnosis, or other questions of medical judgment. *See Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). The United States Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988); *see Russell,* 528 F.2d at 318 (stating that "[p]risoners are entitled to reasonable medical care . . . . However, mistreatment or non-treatment must be capable of characterization as 'cruel and unusual punishment' in order to present a colorable claim under § 1983"). The mere failure to treat all medical problems to a prisoner's satisfaction, even if actual medical malpractice is involved, is insufficient to support a claim under § 1983. *Sosebee v. Murphy,* 797 F.2d 179, 181 (4th Cir. 1986) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976))).

In his Complaint, the Plaintiff alleges that he has suffered from pain in his side, vomiting, and blood in his stools for many years. He claims that the Defendants have been deliberately indifferent to his serious medical needs because they have not provided adequate medical treatment for these medical conditions. Specifically, he claims that the Defendants have failed to provide him with recommended surgery to remove his gallbladder or a colonoscopy. In the Magistrate Judge's R&R, he finds that the "medical records reveal that Plaintiff was provided with treatment from medical personnel at SCDC on numerous occasions, prescribed medications for his ailments, provided

with a CT scan of his abdomen and an ultrasound of his gallbladder at an outside facility, and provided surgical consultation at SCDC" and concludes that the Plaintiff has failed to show that the Defendants have been deliberately indifferent to his medical needs. *R&R,* pp. 7-8. In his objections, the Plaintiff appears to object to this conclusion and claims:

> Plaintiff has shown on 3 different occassions in which he was scheduled for surgery or the colonoscopy. Medical records show that he was being scheduled for a "Barium enema" and there exists questions of why there is the delay and why they delayed this. Plaintiff had the procedure done recently and they refuse to disclose the results of the "Barium enema"; these results could show he needs surgery.

*Objections,* pp. 1-2. Notably, the Plaintiff's own statements in his objections support the conclusion that the Defendants **have not** been deliberately indifferent to the Plaintiff's medical needs. For example, the Plaintiff states:

> In this case medical staff has repeatedly seen Plaintiff[,] sent him to x-rays, other doctors and still the Plaintiff suffers. The Dr.'s give him medication that does not work. He still vomits at night, has bloody stools, and has pain on his right side abdomen.

*Id.* at 3. Thus, by the Plaintiff's own admission, the Defendants continue to attend to his medical needs, but he is simply not satisfied with the results.

Essentially, the Plaintiff's Complaint is one of disagreement with his medical treatment plan. As such, the Court cannot find that a genuine issue of material fact exists as to whether his treatment was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). Considering the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has failed to show that the Defendants violated his clearly established constitutional rights because he has failed to show that they knew that the Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take

4

reasonable measures to abate it.[2] *See Farmer v. Brennan,* 511 U.S. 825, 847 (1994). At most, the Plaintiff's Complaint involves a disagreement about his diagnosis and treatment, or alleges medical negligence. As mentioned above, a § 1983 claim is not stated by disagreements between an inmate and a physician as to treatment or diagnosis,[3] and negligence/medical malpractice is not actionable under §1983. *Daniels v. Williams,* 474 U.S. 327 (1986); *see Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999) (stating deliberate indifference is a very high standard and a showing of mere negligence will not meet it). As such, there exists no genuine issue of material fact, and the Plaintiff has failed to demonstrate that the Defendants were deliberately indifferent to his health or safety.

The Plaintiff also objects to the Magistrate Judge's finding that the Defendants are entitled to qualified immunity. *See Objections,* p. 3. The Plaintiff argues the Defendants should not be entitled to qualified immunity because "they know they have violated Plaintiff's rights to receive proper medical treatment." *Id.* However, to the extent the Defendants are sued in their individual capacities, they are entitled to qualified immunity from suit, which protects them from financial liability. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) (holding that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a

---

[2] "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of *respondeat superior*, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier*, 896 F.2d at 854 (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To establish a deliberate indifference to medical needs claim under § 1983 against non-treating supervisory prison personnel, the Plaintiff must prove: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care, (2) that the supervisory defendants deliberately interfered with the prison doctors' performance, or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. *See id.* After reviewing the record, the Plaintiff has not shown that Defendant Ozmint and Defendant "Director of Medical Headquarter SCDC, Unknown" personally failed to promptly provide medical care, deliberately interfered with the physicians' performance, or tacitly authorized any unconstitutional conduct.

[3] *See, e.g., Russell v. Sheffer,* 528 F.2d 318 (4th Cir. 1975).

5

reasonable person would have known."). In *Harlow,* the Court found that "[r]eliance on the objective reasonableness of an official's conduct is measured by reference to clearly established law [at the time the action is taken], and should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Id.* Qualified immunity protects governmental officials from "bad guesses in gray areas" and ensures that they are liable only for transgressing bright lines. *Maciarello v. Sumner,* 973 F.2d 295, 298 (4th Cir. 1992). As discussed above, the Plaintiff has failed to offer evidence of a genuine issue of material fact in regards to his claims against the Defendants for deliberate indifference. As such, the Defendants are entitled to qualified immunity with respect to the Plaintiff's claims for monetary damages.

## Conclusion

Having thoroughly reviewed the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law.

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and incorporated herein by reference. Accordingly, the Defendants' Motion for Summary Judgment is **GRANTED** as to the Plaintiff's federal claims and the Plaintiff's state law claims are **DISMISSED without prejudice**, and the Plaintiff's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

                                          s/ R. Bryan Harwell
                                          R. Bryan Harwell
                                          United States District Judge

Florence, South Carolina
January 12, 2011